UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                  Case No. 92-CR-80654
                                  Honorable Thomas L. Ludington

COLLEEN FORTUNATO,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO EXPUNGE**

On December 13, 1994, Defendant Colleen Fortunato was indicted for theft of mail by a postal employee. ECF No. 1. She was sentenced to two years probation in July 1995. ECF No. 9. After testing positive for marijuana multiple times, she was sentenced to another two years of probation in June 1998. ECF No. 16.

On October 5, 2020, Defendant filed a motion to expunge. ECF No. 17. Plaintiff, the United States (the "Government"), was directed to respond to the Motion. ECF Nos. 18, 21. Defendant timely replied. ECF No. 22.

"As courts of limited jurisdiction, federal courts possess only that power authorized by Constitution and statute and may not expand that power by judicial decree." *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (internal quotations omitted). As such, this Court must first determine whether it has jurisdiction. Defendant has not identified a federal statute granting this Court jurisdiction to hear her Motion to Expunge.[1] *See id.* Therefore, the only question is whether this Court has ancillary jurisdiction over a motion to expunge.

---

[1] "In limited circumstances, federal statutes expressly permit federal courts to expunge a criminal record. *See, e.g.,* 10 U.S.C. § 1565(e) (requiring expungement of DNA records when a court

In *United States v. Field*, the Sixth Circuit held that "federal courts lack ancillary jurisdiction over motions for expungement that are grounded on purely equitable considerations—*e.g.*, motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." 756 F.3d 911, 915 (6th Cir. 2014). The Sixth Circuit indicated, however, that "where motions for expungement challenge an unconstitutional conviction or an illegal arrest or are otherwise based upon a constitutional claim, federal courts may have jurisdiction to consider the motion." *Id.*

In her Motion, Plaintiff explains she is "looking for employment and [her] record is preventing [her] from getting a good job." ECF No. 17 at PageID.2. She suffered abuse as a child and she struggled with emotional and mental health difficulties at the time of offense. *Id.* She applied for a job with an insurance agency that requires a property and casualty license from the state of Michigan and believes she will not be able to obtain the necessary license because of her conviction. *Id.* at PageID.4–5. She states that she successfully raised two daughters as a single mom and has turned her life around. *Id.* In her reply, she writes, "I believe I am a good person and worth helping . . . . I have paid for my crime in so many ways. It is more than just a legal issue, but also one of compassion and helping someone that has been able to overcome many obstacles in life in need." ECF No. 22 at PageID.53–54.

This Court commends Defendant for her efforts to address the underlying trauma from her childhood and her clean record. However, as explained above, this Court is a court of limited jurisdiction. Defendant does not argue that her underlying conviction was unconstitutional. Instead

---

overturns a military conviction); 18 U.S.C. § 3607(c) (permitting expungement of criminal records in certain cases involving drug possession); 42 U.S.C. § 14132(d) (permitting expungement of FBI DNA records in certain cases when a conviction is overturned)." *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014).

- 3 -

she seeks expungement for equitable reasons. The Sixth Circuit has held that this Court does not have jurisdiction over motions for expungement based on equitable concerns, including "motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." *Fields*, *supra*. Therefore, Defendant's Motion will be denied due to lack of jurisdiction.

Accordingly, it is **ORDERED** that Defendant's Motion to Expunge, ECF No. 17, is **DENIED**.

Dated: February 10, 2021                          s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Colleen Fortunato,** 2692 Corey St, Waterford, MI 48328 by first class U.S. mail on February 10, 2021.

s/Kelly Winslow
KELLY WINSLOW, Case Manager